# Graham & Co. *versus* Hollinger.

*Action for deceit, evidence in.—Proof necessary to recover.*

1. In an action on the case for falsely representing a person to be entitled to credit, evidence of declarations of a different character made by the defendant to third persons about the same time, are inadmissible.

2. Whether the defendant made the declarations with an intention to deceive, is a question of fact for the jury, and must be established to warrant a verdict for the plaintiff.

ERROR to the Common Pleas of *Lancaster county.*

This was an action on the case by James Graham and Walter Graham, partners trading as James Graham & Co., against Joseph S. Hollinger, for falsely and fraudulently representing to plaintiffs that one Alexander T. Fahnstock was a person to whom the plaintiffs might safely sell goods on credit, by means of which goods were sold to him on credit, and a loss incurred.

Under the instructions of the court below, there was a verdict and judgment for defendant; whereupon the plaintiffs sued out this writ.

The errors assigned, and matters discussed on the argument here, are sufficiently set forth in the opinion of this court.

[Graham & Co. *v.* Hollinger.]

*Thomas E. Franklin* and *O. J. Dickey*, for plaintiffs in error.

*William B. Fordney* and *I. E. Hiester*, for defendant in error.

The opinion of the court was delivered by

STRONG, J.—This was an action on the case for deceit. The declaration contained but one count, and that averred, in substance, that the defendant had falsely and fraudulently represented to the plaintiffs that one Alexander T. Fahnstock was a person of responsibility, to whom they might safely sell goods on credit, knowing when he made the representations that they were untrue. The declaration also averred that, relying on the defendant's statements to them, they had made credit sales to Fahnstock, and had thereby sustained injury.

After evidence had been given in support of the averments of the declaration, the defendant was permitted to prove that he did not make similar representations to Iungrich & Smith, other merchants in the city of Philadelphia, and that they refused to sell to Fahnstock unless for cash. He was further permitted to prove that long after the representations were alleged to have been made to the plaintiffs, he had advised another merchant not to sell goods to Fahnstock.

We are unable to perceive any satisfactory reason for the admission of this evidence. It was manifestly irrelevant to the issue between the parties. It tended in no degree to disprove the specific fraud charged in the declaration, to excuse, or lessen the defendant's responsibility for damages. Let it be that he was silent to others, or that he dissuaded others from giving credit to Fahnstock, no inference could be drawn from that fact that he had not made false representations to the plaintiffs, or that he had not made them with a guilty knowledge of their untruthfulness. Generally, indeed, to establish an allegation of fraud, and perhaps to repel it, large latitude is allowed to the admission of evidence, but the evidence must have some bearing upon the matter in controversy. We think therefore the defendant's declaration made to Henry Welsh was inadmissible, as was also proof of the fact that he had not made false representations to other merchants than the plaintiffs. Such proofs were calculated to lead the minds of the jury from the consideration of the single question which they had to try.

For similar reasons the declarations of Fahnstock made to third persons, stating the amount of his debts, and communicating to them the fact that he had given a judgment-bond to the defendant, were improperly received in evidence. They could have been admitted only under a misapprehension of the issue raised by the declaration and plea.

The sixth assignment of error is that the court permitted a

[Graham & Co. *v.* Hollinger.]

witness to testify that he had heard one of Fahnstock's customers say he had heard the defendant held a judgment against Fahnstock. The error is plain. Undoubtedly, if the plaintiffs were not deceived, if they knew that the representations made to them by the defendant were untrue, that Fahnstock was insolvent, and that the defendant held a large judgment against him, it was their folly to make credit sales, and there could be no recovery in this action. But such knowledge is not to be inferred from the fact that a stranger knew of the existence of the judgment, and had spoken of it in their absence.

The exceptions taken to the charge of the court would not justify us in reversing the judgment. In the points propounded by the plaintiffs, the court was requested to instruct the jury respecting the liability arising out of false representations and fraudulent concealment. Now if the representations made were false, and yet were honestly believed to be true, and if the existence of the judgment-bond was not mentioned from thoughtlessness, and without intention to deceive, the liability of the defendant for damages was not made out. Guilty knowledge and an intent to deceive were essential to the plaintiffs' recovery, and they were charged in the declaration. To warrant a verdict for the plaintiffs, they must have been found by the jury. And it was not for the court to withdraw the question from the jury, as they would have done had they affirmed the plaintiffs' second point without more. It may be that the defendant could hardly have been mistaken, but whether he was or not was for the jury. We cannot lose sight of the fact that the declaration complained that the defendant represented Fahnstock as worthy of credit. It did not charge the representations as having been made in the words detailed by the witness Snyder. But for the admission of the evidence referred to in the first five assignments, the judgment must be reversed.

Judgment reversed, and a *venire de novo* awarded.